LEDESMA, RECURRENTE, *v.* EL REGISTRADOR DE ARECIBO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Arecibo denegando la inscripción de una escritura aclaratoria.

No. 277.—Resuelto en junio 12, 1916.

NOMBRES—RECTIFICACIÓN DE NOMBRES EN ESCRITURA INSCRITA—ERRORES DE CONCEPTO.—Para subsanar el error cometido por los mismos interesados en una escritura pública que se inscribió en el registro al consignar en ella que uno de los otorgantes se llamaba Pedro Ledesma Serrano en vez de Juan Ledesma Serrano, basta el propio acuerdo de los interesados consignado en documento público, siendo inscribible el nuevo documento en el registro a los efectos de la rectificación en él del error indicado.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Manuel Paz Urdaz.*

El registrador recurrido, Sr. Felipe Cuchí Arnau, no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Está envuelta en el presente recurso gubernativo una cuestión relativa a la forma en que puede rectificarse el nombre de uno de los otorgantes de una escritura inscrita en el registro de la propiedad.

En diciembre de 1901 Salvador Ledesma adquirió para sus menores hijos, a título de compra, tres casas situadas en la ciudad de Arecibo.  En la .escritura que se otorgó al efecto y que se inscribió en el registro se hizo constar que dichos hijos se llamaban Cruz, Manuel, Francisca, Pedro y Domingo Ledesma Serrano.

Pasó el tiempo.  Se trató de vender las fincas adquiridas y al examinar los documentos se notó que comparando los nombres consignados en la escritura inscrita con los que aparecían en el registro civil, existían diferencias y entonces los interesados, padre e hijos, resolvieron otorgar y otorgaron en efecto una escritura aclarando lo ocurrido a los efectos de rectificar el error en el registro de la propiedad.  El error principal consistía en que el hijo nombrado Pedro Ledesma Serrano en la escritura de 1901, se llamaba en verdad, según el registro civil, Juan Ledesma y Serrano.

Al otorgarse la escritura de 1901 todos los hijos· de Ledesma eran menores.  Al otorgarse la escritura aclaratoria de que se trata, el 20 de noviembre de 1911, Cruz María, Manuel y Francisca Ledesma y Serrano eran ya mayores de edad, Juan era menor pero estaba emancipado y sólo continuaba en su minoridad absoluta Domingo Ledesma y Serrano que estuvo representado por su padre Salvador Ledesma Taulet.

La escritura aclaratoria se presentó en el registro y el registrador se negó a hacer la rectificación solicitada por medio de la siguiente nota:

"Denegada la rectificación que se interesa en la nota de presentación que antecede, toda vez que en el asiento que se pretende rectificar, hecho por un registrador que ya ha cesado en este distrito, consta inscrito un condominio en la finca a nombre de 'Pedro Ledesma Serrano,' y en el acta notarial aparece que éste es el llamado 'Juan'

en el acta del registro civil, siendo atribución exclusiva de los tribunales de justicia, en información *ad perpetuam*, la sustitución de nombres de una misma persona en documentos públicos; teniendo además en cuenta lo establecido en la regla 9ª. del artículo 63 del Reglamento Hipotecario; y la Resolución de la Dirección General de los Registros de 8 de octubre de 1912; * * * Arecibo, 25 marzo, 1916.''

La regla 9 del artículo 63 del Reglamento Hipotecario, citada por el registrador, en lo pertinente dice así:

''Artículo 63.—Para dar a conocer con exactitud las fincas y los derechos que sean objeto de las inscripciones, ejecutarán los registradores lo dispuesto en el artículo 9º. de la ley, con sujeción a las reglas siguiente: * * * Novena. Los nombres que deban consignarse en la inscripción se expresarán según conste del título, sin que sea permitido al registrador, ni aún con acuerdo de las partes, añadir ni quitar ninguno. * * *.''

Y la resolución de la Dirección General de los Registros de España invocada por el dicho funcionario declara:

''Que si el nombre de la persona a cuyo favor aparece practicada una inscripción es distinto del que se expresa en la escritura de aceptación de su herencia, no procede inscribir ésta mientras no se acredite por información *ad perpetuam* que el causante usaba indistintamente los dos nombres.'' Resolución de 8 de octubre de 1912.

A nuestro juicio ni el precepto reglamentario ni la resolución en que se funda el registrador, sostienen su negativa. Los interesados no pretenden que se añada o se quite nombre alguno. Tampoco tratan de aclarar el nombre de una persona fallecida, ni de perpetuar el hecho de que tal persona usaba indistintamente varios nombres. Su actuación está reducida a rectificar un error padecido no por el registrador, sino por ellos mismos en cierto título que se inscribió en su oportunidad en el registro. Para hacer tal aclaración, basta la voluntad de los mismos interesados. Y para inscribirla en el registro, es suficiente que dicha aclaración se consigne como se consignó en efecto en otra escritura pública.

La Dirección General de los Registros de España, por resolución de 18 de mayo de 1877, declaró que para rectificar el error nacido del mismo título inscrito, de figurar radicando toda una finca en un ayuntamiento, siendo así que parte de ella radica en otro, basta una certificación del ayuntamiento en que así se declare, la cual se inscribirá a continuación de la inscripción equivocada. Véase: 4 Galindo, Legislación Hipotecaria, 4ª. ed., 105, y el tomo correspondiente a los años 1874–78 de la Colección Oficial de Leyes, etc., formada por la Dirección General de los Registros, página 436 y siguientes. La Dirección calificó el error cometido en dicho caso como de concepto y, por tanto, rectificable de acuerdo con el artículo 262 de la Ley Hipotecaria, que dice así:

"Los errores de concepto se rectificarán por medio de una nueva inscripción, la cual se hará mediante la presentación del mismo título ya inscrito, si el registrador reconociere su error, o el juez o el tribunal lo declarare; y en virtud de un título nuevo, si el error fuese producido por la redacción vaga, ambigua o inexacta del título primitivo, y las partes convinieren en ello, o lo declarare así una sentencia judicial."

Y el Tribunal Supremo de España por sentencia de 7 de junio de 1881, 46 Jurisprudencia Civil 408, decidió:

"Que si en la sentencia recurrida se consigna como un hecho cierto que en una escritura constitutiva de un préstamo con hipoteca de la casa objeto de la tercería en cuestión y que se inscribió en el registro de la propiedad, la otorgante dijo llamarse Josefa Piñeiro, siendo y llamándose Joaquina, y que la finca le pertenecía por herencia de su hermana Jacinta, cuando le correspondía únicamente la mitad por herencia de su hermana Josefa, y la otra mitad a su marido, que en dicha escritura sólo se obligó como fiador de su mujer; en tal concepto, la sentencia que da valor y eficacia a dicha inscripción en perjuicio del demandante que adquirió por compra a la Joaquina Piñeiro y su marido la referida casa en 1871, fundándose para ello en que la diferencia de nombre era un error material, cuando no puede calificarse así porque no reconoce por causa una equivocación del registrador, sino que procedía y se cometió en el título, infringe los artículos 262 y 264 de la Ley Hipotecaria, puesto que el primero de aquéllos determina que los errores de concepto, cuando fuesen pro-

ducidos por la redacción inexacta del título primitivo y las partes conviniesen en ello o lo declarase así una sentencia judicial, se rectificarán en virtud de título nuevo; y con arreglo al segundo, el concepto rectificado no surtirá efecto en ningún caso sino desde la fecha de la rectificación, que no había tenido lugar cuando, se dictó la sentencia, y por consiguiente no puede tomarse en cuenta para darle preferencia sobre la escritura de adquisición de la casa inscrita en el registro en 21 de noviembre de 1877.''

Debe revocarse la nota recurrida y ordenarse al registrador que verifique de acuerdo con la ley la rectificación solicitada.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.