María Puig Torres, Plaintiff and Appellee, *v.* Ana Batista Torres et al., Defendants; Artemio Camacho, Intervener and Appellant.

No. 5902. Argued December 20, 1932.—Decided June 13, 1934.

A. L. *López* for appellant. L. *Muñoz Morales* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

This suit was begun in the District Court of Humacao to declare null and void two deeds of purchase and sale. The defendants consented to judgment, but an intervener opposed the action and took an appeal from a judgment sustaining the complaint and dismissing his opposition.

In 1912, María Puig Torres, while unmarried, bought a frame house built upon a lot belonging to the Municipality of Caguas. Thereafter in 1915, while married to José Garrido Farizo, she sold the house to Alfredo González for $800, which she confessed having received prior to the execution of the deed of sale. The deed was recorded, being the fourth inscription. In 1919, María Puig purchased the same house from Alfredo González, it appearing also in the second deed that the purchase price of $800 had been received by the vendor before the execution of the deed. This deed was recorded, being the seventh inscription. In 1926, José Garrido, the husband of María Puig, died without descendants, and in

December 1927, a judgment was entered against the estate of José Garrido for $1,500 for damages in favor of Juan Solá González. In January of the following year, María Puig y Torres brought suit against the judicial administrator of the estate of her husband and against the widow and a minor child of Alfredo González to declare null and void the sale which she made of the house to Alfredo González and also the purchase of the same property which she later made from the same González, upon the ground that there was no consideration and that the sale was made upon the deceitful advice of her husband, José Garrido, who thus intended to convert her private property into community property. In 1928, the house was sold at public auction and awarded to Juan Solá González upon execution of the judgment which he secured against the estate of José Garrido. Solá thereafter sold the house to Pedro Lizardi, who in turn sold it to Artemio Camacho.

The judicial administrator of the estate of José Garrido consented to judgment. The widow of Alfredo González, for herself and her minor child as sole heirs, also consented, but denied under oath that the contracts had been false and simulated. Artemio Camacho opposed the complaint. The judgment rendered in the suit sustained the complaint and dismissed the opposition of the intervener, who thereupon appealed.

In this appeal only the intervener, Artemio Camacho, has appeared before us.

One of the grounds set up by the appellant for reversal of the judgment appealed from is that the evidence presented at the trial is not sufficient to sustain the conclusion of the court below that the two deeds of sale in question were simulated and void. If he is correct in this alleged error, the other grounds of appeal need not be considered.

From the above facts it may be seen that it was after judgment had been entered against the estate of José Garrido

for the payment of money that the widow commenced this suit for the recovery of the house in question. The house, having been purchased during her marriage with Garrido, is community property, since it is not alleged nor does it appear that it was purchased with her private funds, but it would again be her separate property if the sales above mentioned were declared to be null and void.

The plaintiff María Puig y Torres, who resides within the jurisdiction of the District Court of Humacao, did not testify at the trial of this case in spite of the fact that she was the vendor in the first deed and the purchaser in the second, and as a result ought to know whether she received any money for the sale and whether she paid any over when she bought. The fact that she swore her complaint did not make her testimony at the trial unnecessary, because that oath is merely a procedural requirement which does not have the probative force of testimony subject to the cross-examination of the opposing party, as we said with regard to a sworn answer in the case of *Cruz* v. *Santiago,* 24 D.P.R. 100. The plaintiff was the principal witness and perhaps the only one in this case by reason of the death of Alfredo González with whom she contracted. He was married and, as a result, he had according to law the administration of the conjugal property and personal knowledge as to whether he paid over and received money at the time of the respective deeds. His widow, Ana Batista, testified at the trial but she could say little and said little. She stated that she neither received nor paid out money on those contracts, which is not strange, because her husband as administrator of the conjugal property, was the one who had control of the funds of the partnership and the one who ought to have paid it out and received it; she said also that she did not know whether her husband paid out and received money on those contracts, because she did nothing more than sign the deeds. The other two witnesses of the plaintiff know nothing about the price for these two purchases beyond the fact that María Puig always lived in

the house, except some time when she lived in a restaurant called "El Conejo Blanco."

When there is a public deed, the proof must be strong to overcome the presumption that consideration for the contract is contained therein, and the court must have before it a legal certainty that no such consideration existed. *Ríos* v. *Amorós*, 27 P.R.R. 735. We have also stated that, in the absence of positive proof to the contrary, it must be presumed that there is consideration for a contract contained in a public deed. *Cruz* v. *López*, 17 P.R.R. 40.

Between the two sales four years elapsed during which time the fifth and sixth inscriptions were made in the registry. We do not know for what purpose the inscriptions were made, but they must necessarily have been transfers or liens upon the property by Alfredo González as owner thereof. It is not understandable that he should have carried on these operations if his purchase was simulated and without consideration. Moreover, his widow denied in her answer consenting to judgment that the purchase was feigned or simulated.

From the proofs we must conclude that the evidence presented by the plaintiff is not sufficient to justify a holding that what the parties stated in the above-mentioned public deeds as to the delivery of the purchase price is untrue, and accordingly the deeds cannot be declared null and void upon the ground that there was no consideration for the sales.

As we have reached the above conclusion, the judgment appealed from must be reversed and another rendered dismissing the complaint, without special imposition of costs.